1
2
3
4
5
6                    **UNITED STATES DISTRICT COURT**
7                         **DISTRICT OF NEVADA**
8
9   WILLIAM ROBERT DIXON,
        *Plaintiff*,                              3:13-cv-00586-RCJ-VPC
10
    vs.
11
                                                  ORDER
12  ROBERT LEGRANDE, *et al.,*
13          *Defendants*.
14
15      This prisoner civil rights action comes before the Court on multiple filings by plaintiff,
16  including two pauper applications and a purported amended complaint.
17      The pauper application (#5) filed on November 6, 2013, is incomplete and therefore
18  will be denied without prejudice.  The pauper application (#13) filed on November 25, 2013,
19  appears to be in proper form and will be held under submission pending screening.
20      The first amended complaint (#17) submitted is deficient.  First, under Local Rule LSR
21  2-1, a civil rights complaint, including amendments thereto, must be filed on the Court's
22  required civil rights complaint form.  The paper submitted is an entirely handwritten document
23  that is not on the required form.  Second, under Local Rule LR 15-1, an amended complaint
24  must be a "stand alone" document that is complete in itself without incorporation of and/or
25  reference back to prior pleadings.  Plaintiff instead seeks to add claims, allegations and
26  defendants to the original complaint while otherwise incorporating the original complaint.
27  Plaintiff may not present his claims across multiple piecemeal filings in this manner.  The
28  Court will afford plaintiff an opportunity to file a proper amended complaint.

1    Plaintiff's motions (## 6 & 14) to add new defendants will be denied without prejudice
2    for substantially the same reasons as in the preceding paragraph.  Plaintiff may not simply
3    add more defendants by motion.  He instead must file an amended complaint setting forth all
4    of his claims against all defendants in a single amending pleading.  He may not present his
5    claims against various defendants in multiple piecemeal filings spread across the record.

6    Plaintiff's remaining motions (including ## 4, 7, 8, 15 & 16) will be denied.

7    In this regard, the Court is not persuaded that plaintiff is entitled to emergency action
8    overriding the decision of correctional officials as to where and how he is housed.
9    Classification decisions generally are not subject to federal court oversight, and an *arguendo*
10   violation of state correctional department policy in and of itself does not give rise to a
11   constitutional due process violation.  Over the course of this and prior litigation, plaintiff, on
12   the one hand, has presented multiple fanciful and often internally inconsistent allegations as
13   to his safety. See, e.g., #3, at 1-2; #11, at 1-2.  On the other hand, he alleges that he is being
14   subjected to "torture" when he is held in lockdown conditions that restrict his exposure to
15   general population inmates but also place restrictions upon his conditions of confinement.
16   Plaintiff has not persuasively established a basis for emergency intervention by a federal court
17   overriding the security and housing decisions of Nevada state correctional officials.[1]

18   Plaintiff otherwise seeks relief to which he is not entitled, particularly at this juncture
19   in the case.  Among other things, plaintiff may not file copies of grievances and other
20   purported evidentiary materials into the suit record.  If he continues to do so, the Court will
21   direct the Clerk of Court to designate plaintiff as a restricted filer and to return all such
22   materials unfiled.

23   _____

24   [1]Plaintiff asserted in a motion (#15) dated November 25, 2013, that his account is corroborated by
     the Sixth Circuit having accepted and reopened his case.  Review of the Sixth Circuit's online docket records
25   reflect, however, that the Court of Appeals denied a certificate of appealability in No. 13-3311 on October 25,
     2013, following extensive discussion in a five-page order.  This Court is not going to reexamine the validity of
26   plaintiff's Ohio criminal conviction in this civil rights action.  Plaintiff must present any such challenge in a
     federal habeas proceeding in Ohio, subject to the rules concerning, *inter alia*, timeliness and successive
27   petitions.  Meanwhile, no action by the Sixth Circuit remotely corroborates plaintiff's fanciful allegations herein
     that he was convicted improperly pursuant to a wide-ranging multi-state conspiracy that now places his life in
28   imminent danger in the manner in which he currently is incarcerated.

IT THEREFORE IS ORDERED that the Clerk of Court shall file the original complaint and accompanying motions, that said motions are DENIED, and that the Clerk shall reflect the denial of the motions by this order in the accompanying docket entry or entries.

IT FURTHER IS ORDERED that the application (#5) to proceed *in forma pauperis* filed on November 5, 2013 is DENIED without prejudice.

IT FURTHER IS ORDERED that action on the application (#13) to proceed *in forma pauperis* filed on November 25, 2013, is DEFERRED at this time, pending screening and following proceedings.

IT FURTHER IS ORDERED that plaintiff shall have **thirty (30) days** within which to mail for filing a properly-presented amended complaint setting forth all of his claims against all defendants on the required civil rights complaint form.  If an amended complaint is not timely submitted, the Court will proceed to screening of the original complaint, without regard to any other improper papers submitted thereafter attempting to add defendants, claims, or allegations.

IT FURTHER IS ORDERED that, on any such amended complaint filed, plaintiff shall clearly title the amended complaint as an amended complaint by placing the word "AMENDED" immediately above "Civil Rights Complaint" on page 1 in the caption and shall place the docket number, 3:13-cv-00586-RCJ-VPC, above the word "AMENDED" in the space for "Case No."

IT FURTHER IS ORDERED that, under Local Rule LR 15-1, any amended complaint filed must be complete in itself without reference to prior filings.  Thus, any allegations, parties, or requests for relief from prior papers that are not carried forward in the amended complaint no longer will be before the Court.

IT FURTHER IS ORDERED that all remaining motions (## 4, 6, 7, 8, 14, 14, 15 & 16) are DENIED.

/ / / /

/ / / /

/ / / /

-3-

1    The Clerk shall SEND plaintiff two copies of a civil rights complaint form, along with one

2    copy of the instructions for the form, of the original complaint, and of ## 6, 14 & 17.

3    DATED:    Dated: This 17th day of January, 2014.

4

5

6    _____

7    / ROBERT C. JONES
     United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28