# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

WILLIAM ROBERT DIXON,

    *Plaintiff*,

vs.

ROBERT LEGRANDE, *et al.*

    *Defendants*.

3:13-cv-00586-RCJ-VPC

ORDER

This prisoner civil rights action comes before the Court for initial review of the amended complaint (#23) as well as on plaintiff's second application (#13) to proceed *in forma pauperis* and his motions (## 24 & 26) seeking other miscellaneous relief.

### *Screening*

As the Ninth Circuit has explained, a pleading that says too much – or which does so in a disjointed, opaque and confusing manner – can violate federal pleading rules just as can a pleading that says too little:

> . . . . Rule 8 requires that a pleading "must contain" a "short and plain statement" of the grounds for jurisdiction and the claim, as well as a demand for relief sought. Fed.R.Civ.P. 8(a). Violations of this Rule warrant dismissal, but there are multiple ways that it can be violated. One well-known type of violation is when a pleading says too little — the baseline threshold of factual and legal allegations required was the central issue in the *Iqbal* line of cases. *See, e.g., Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). The Rule is also violated, though, when a pleading says too much. *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058 (9th Cir.2011) ("[W]e have never held—and we know of no authority supporting the proposition—that a pleading may be of unlimited length and opacity. Our cases instruct otherwise.") (citing cases); *see also McHenry v. Renne*, 84 F.3d 1172, 1179–80 (9th Cir.1996)

> (affirming a dismissal under Rule 8, and recognizing that "[p]rolix, confusing complaints such as the ones plaintiffs filed in this case impose unfair burdens on litigants and judges").

*Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013).

Additionally, under Local Rule LSR 2-1, a plaintiff must file a civil rights complaint on the Court's required complaint form, which includes complying with all instructions for the complaint form. The instructions state, *inter alia*, with the following emphasis: "YOU MAY ALLEGE THE VIOLATION OF ONLY ONE CIVIL RIGHT PER COUNT." This means, for example, that a plaintiff may not combine within a single count an alleged violation based upon alleged deliberate indifference to a serious medical need with an alleged constitutional violation based upon an alleged denial of due process in a prison disciplinary proceeding. Each such constitutional violation instead must be alleged in a separate count.

Moreover, mere legal conclusions unsupported by any actual allegations of fact are not assumed to be true in reviewing a complaint. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). That is, bare and conclusory assertions that constitute merely formulaic recitations of the elements of a cause of action and that are devoid of further factual enhancement are not accepted as true and do not state a claim for relief. *Id.* The factual allegations must state a plausible claim for relief and must permit the court to infer more than the mere possibility of misconduct:

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007).] A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*, at 556, 127 S.Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.*, at 557, 127 S.Ct. 1955 (brackets omitted).
>
> . . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

*Iqbal*, 556 U.S. at 678.

The often rambling stream-of-consciousness assertions in the 26 pages of allegations in the amended complaint violate all of the foregoing standards. The amended complaint is overly prolix, disjointed, opaque and confusing while at the same time being bare and conclusory with regard to stating actual factual allegations as to specific claims. Moreover, within the rambling discourse in each count, plaintiff haphazardly combines a multiplicity of different alleged constitutional violations within each count, often in repetitive, overlapping fashion.

For example, Count I includes multiple at least conclusorily alleged claims, including alleged violations based upon, *inter alia*, inmates being allowed to choose only one religion on the relevant form, inmates not being allowed to pursue all religions and/or to attend the meetings of other religious groups to monitor their activities, prison officials not exercising "oversight" over inmate religious groups' exclusion of inmates, allowing inmate religious groups to "brainwash" other inmates, denial of law library access and legal assistance, requiring that reports and accusations be kept confidential, and sending plaintiff to a maximum security facility based upon a false report and without allegedly required hearings. Moreover, to the extent to which plaintiff seeks to challenge the religious practices at the facility, the six-page count alleges far too much irrelevant minutiae. Further, plaintiff has no standing to raise claims regarding the treatment of other inmates by inmate religious groups, and he has no right under the First Amendment or RLUIPA to, *inter alia*, infiltrate inmate groups for other religions and foment disagreements.

Similarly, Count II includes multiple at least conclusorily alleged claims, including alleged violations based upon, *inter alia*, denial of access to the grievance process resulting in plaintiff remaining in administrative segregation with loss of general population privileges, falsification of disciplinary and other records, improperly labeling plaintiff as a member of a security threat group, stealing inmate requests or "kites," stealing and losing mail thereby denying plaintiff "access to the streets," destroying property and/or depriving plaintiff of property without compensation, negligence in performance of duties, holding plaintiff pursuant to an illegal criminal conviction and sentence without a hearing to challenge the legality of his

conviction, denying plaintiff a hearing over his placement in administrative segregation, illegally transferring plaintiff to a maximum security facility, taking enemies off plaintiff's enemies list, adding non-enemies to his enemies list, trying to kill plaintiff in 2011, trying to convict plaintiff twice of a disciplinary violation, and failing to treat "multiple medical issues."

The remaining 4 counts spread across 15 more pages continue in the same vein, mixing prolix discussion of minutiae with conclusory assertion of multiple claims within a single count in a rambling, scattershot, and stream-of-consciousness fashion.

Plaintiff instead must allege only one constitutional violation per count, must make specific allegations of actual fact that support a claim against each defendant named in the count, and must present coherent allegations supporting a claim for relief rather than a rambling diatribe of conclusory assertions.

A number of the scattershot overlapping claims asserted further clearly fail to state a viable claim. The facially defective claims include, but are not limited to, the following.

First, plaintiff cannot challenge the validity of his Ohio state criminal conviction and sentence in a civil rights action. When a § 1983 plaintiff presents claims that necessarily challenge the continuing validity of his conviction, then his claims are not cognizable in a civil rights action no matter the relief sought or the target of the claims. *Heck v. Humphrey*, 512 U.S. 477 (1994). A § 1983 plaintiff presenting claims that necessarily imply the invalidity of his conviction first must establish that the conviction has been declared invalid by a state tribunal authorized to make such a determination, expunged by executive order, or called into question by the grant of a federal writ of habeas corpus. *Heck*, 512 U.S. at 486-87. From this action and plaintiff's prior action in this Court seeking to challenge his Ohio conviction, it is clear that the conviction has not been overturned. Plaintiff alleges that he must be allowed to pursue a civil rights action because he now has no other remedy available. The law instead is well-established that a plaintiff has no cognizable civil rights claim to challenge a conviction that has not been overturned. If plaintiff has not been able to overturn the Ohio conviction on state and federal post-conviction review, then that simply means that he is incarcerated pursuant to a presumptively valid judgment of conviction.

Second, the conclusory allegations presented state no viable due process claim based upon plaintiff being placed in administrative segregation or in connection with the other conditions and losses of privileges alleged. In particular, being placed in segregation confinement, with the attendant loss of privileges, in and of itself does not give rise to a liberty interest protected by procedural due process guarantees. *See, e.g., Sandin v. Conner,* 515 U.S. 472, 485-86 (1995). Segregation confinement gives rise to a protected liberty interest only if the conditions of the confinement constitute an atypical and significant hardship in relation to the ordinary incidents of prison life or the confinement affects the duration of the inmate's sentence. *Id.* The amended complaint fails to allege specific facts that would tend to establish the deprivation of a protected liberty interest under this standard, both with respect to being placed in administrative segregation and with regard to any of the other due process claims asserted. Plaintiff's repeated conclusory allegations that sundry circumstances "shocks the conscience" state no viable claim.

Third, the allegations presented state no due process claim for loss, destruction, or deprivation of property. There is no federal constitutional due process claim for alleged arbitrary or capricious destruction or loss of property, due to the availability of state post-deprivation remedies. *See Hudson v. Palmer*, 468 U.S. 517, 528 n.8 & 533 (1984); *Parratt v. Taylor*, 451 U.S. 527, 543 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327(1986); N.R.S. 73.010; N.R.S. 41.031; N.R.S. 209.243.

Fourth, plaintiff states no claim with any continuing viability against any defendant in their official capacity. Plaintiff may not pursue claims for monetary damages from the state officer defendants in their official capacity. Claims for damages from the individual defendants in their official capacity are barred by state sovereign immunity under the Eleventh Amendment. *See, e.g., Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *Cardenas v. Anzal*, 311 F.3d 929, 934-35 (9th Cir. 2002). State officials sued in their official capacity for damages in any event are not "persons" subject to suit under § 1983. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 & n.10 (1989). Finally, all claims for injunctive relief now are moot because plaintiff no longer is incarcerated in a Nevada facility.

The amended complaint therefore will be dismissed without prejudice. The Court previously allowed an amendment opportunity because plaintiff had presented claims in multiple piecemeal papers. The prior screening order (#18) did not otherwise identify deficiencies within the piecemeal filings themselves. The Court accordingly will allow plaintiff an opportunity to file an amended pleading that corrects the multiple deficiencies identified in this order.

If plaintiff fails to timely file an amended complaint that corrects the deficiencies identified in this order, the action will be dismissed without further advance notice. If plaintiff again presents more than one constitutional violation in a count in violation of the instructions for the complaint form, the Court will disregard all constitutional violations alleged after the first violation alleged in the count, regardless of whether or not the first alleged violation states a viable claim for relief.

### *Pauper Application*

The second pauper application filed no longer is sufficient because it is directed to fee payment through the Nevada Department of Corrections. Plaintiff no longer is in the custody of Nevada authorities, and he has not identified his current custodial institution as yet. The Court will deny the second pauper application without prejudice. Plaintiff must file a new pauper application with the required financial attachments and contact information for his current custodial institution. If he does not timely file a properly completed new pauper application with the required information, this action will be dismissed without further advance notice.

### *Remaining Motions*

The Court stated very clearly in its prior order:

> Plaintiff . . . may not file copies of grievances and other purported evidentiary materials into the suit record. If he continues to do so, the Court will direct the Clerk of Court to designate plaintiff as a restricted filer and to return all such materials unfiled.

#18, at 1.

/ / / /

-6-

Despite this clear order, plaintiff thereafter filed two motions seeking, *inter alia*, to file more evidentiary materials in the suit record. The motions violate the prior order and otherwise present no viable request for appropriate relief. The fact that plaintiff was being moved to a different facility does not make the suit record a repository for his evidentiary materials. As per the prior order, the motions will be denied, plaintiff will be designated a restricted filed on the record, and all further filings submitted with additional documents attached will be returned unfiled. If plaintiff submits, for example, an amended complaint with attached documents in violation of this order, the entire submission will be returned to him unfiled. If plaintiff thereby fails to meet a pleading deadline, the action will be dismissed.

IT THEREFORE IS ORDERED that the complaint, as amended, is DISMISSED without prejudice due to plaintiff's failure to provide a short and plain statement of his claims as required by Rule 8(a)(2) of the Federal Rules of Civil Procedure as well as his failure to follow the instructions for the Court's required complaint form, subject to an opportunity to amend within thirty (30) days of entry of this order to correct the deficiencies in the prior pleadings.

IT FURTHER IS ORDERED that, on any such amended complaint filed, plaintiff shall clearly title the amended complaint as an amended complaint by placing the words "SECOND AMENDED" immediately above "Civil Rights Complaint" on page 1 in the caption and shall place the docket number, **3:13-cv-00586-RCJ-VPC**, above the words "SECOND AMENDED" in the space for "Case No." Under Local Rule LR 15-1, any amended complaint filed must be complete in itself without reference to prior filings. Thus, any – material – allegations, parties, or requests for relief from prior papers that are not carried forward in the amended complaint no longer will be before the court.

IT FURTHER IS ORDERED that plaintiff's second application (#13) to proceed *in forma pauperis* is DENIED without prejudice and that, within thirty (30) days of entry of this order, plaintiff shall file a new pauper application with both an executed financial certificate and a statement of his inmate trust account from his current custodial institution, along with contact information for that institution. This action will be dismissed without further advance notice if plaintiff fails to timely file a properly completed and updated pauper application.

1   IT FURTHER IS ORDERED that plaintiff's motion (#24) of notice of plea offer and request to file evidence and his motion (#26) for leave to file materials in the suit record are DENIED.

IT FURTHER IS ORDERED that the Clerk of Court: (a) shall designate plaintiff as a restricted filer on the docket sheet; and (b) shall return unfiled all papers hereafter submitted by plaintiff <u>with attached documents</u>, other than a pauper application with a financial certificate and inmate account statement.

If an amended complaint is filed in response to this order, the Court will screen the amended pleading before ordering any further action in this case. If plaintiff does not timely mail an amended complaint to the Clerk for filing, a final judgment dismissing this action will be entered without further advance notice. If plaintiff fails to timely file an amended complaint that corrects the deficiencies identified in this order, the action will be dismissed without further advance notice. If plaintiff again presents more than one constitutional violation in a count in violation of the instructions for the complaint form, the Court will disregard all constitutional violations alleged after the first violation alleged in the count, regardless of whether or not the first alleged violation states a viable claim for relief.

The Clerk shall SEND plaintiff two copies each of a civil rights complaint form and pauper application for an incarcerated person along with one copy each of the instructions for the forms and of his amended complaint (#23).

DATED: July 8, 2014

_____
ROBERT C. JONES
United States District Judge