UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| WILLIAM ROBERT DIXON, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ROBERT LEGRANDE et al., ) <br> ) <br> Defendants. ) | 3:13-cv-00586-RCJ-VPC <br><br> **ORDER** |

Plaintiff is a prisoner formerly in the custody of the Nevada Department of Corrections. The Magistrate Judge has submitted a Report and Recommendation ("R&R") as to cross motions for summary judgment. The Court respectfully adopts the R&R in part, but rejects it as to Count III, granting Defendants' motion for summary judgment as against all remaining claims.

The Court need not determine whether *Heck v. Humphrey*, 512 U.S. 477 (1994) bars Plaintiff's First Amendment right-of-access-to-the-courts claim (Count III) against Defendants based on their alleged failure to forward certain legal documents to him for his habeas corpus proceedings in Ohio, because the underlying habeas corpus claims have been adjudicated to have been frivolous, and therefore no right-of-access-to-the-courts claim can lie. *See Lewis v. Casey*, 518 U.S. 343, 353–55 & n.3 (1996). The Court respectfully disagrees that the underlying habeas corpus claims were arguably meritorious. Although the Court of Appeals for the Sixth Circuit

(the "Court of Appeals") did not characterize the claims as frivolous, neither did it characterize them as non-frivolous, and it noted that the claims "clearly lack merit." (*See* Order 2, ECF No. 52-1). The Court of Appeals denied Plaintiff's motion to proceed in forma pauperis on appeal—the only matter before it that would have required it to determine whether the claims were frivolous—as moot because it had quickly rejected the claims on the merits and did not need to address the potentially more complex and time-consuming issue of frivolity. (*See id.* 5). But the only reason a motion to proceed in forma pauperis on appeal would have been before the Court of Appeals in the first place is if the U.S. District Court for the Southern District of Ohio (the "District Court") had already denied a similar motion, *see* Fed. R. App. P. 24(a)(4)–(5), which the District Court could only have done based on a finding of frivolity, *see* 28 U.S.C. § 1915(a)(3). That is indeed what the District Court ruled, (*see* Order, ECF No. 22 in S.D. Ohio Case No. 3:11-cv-150), and the Court of Appeals for the Sixth Circuit did not upset that ruling. That precludes any argument here that the underlying habeas corpus claim was non-frivolous, and the right-of-access-to-the-courts claim therefore necessarily fails under *Lewis*.

///

///

///

///

///

///

///

///

///

**CONCLUSION**

IT IS HEREBY ORDERED that the R&R (ECF No. 63) is ADOPTED IN PART and REJECTED IN PART.

IT IS FURTHER ORDERED that Defendants' Motion for Summary Judgment (ECF No. 52) is GRANTED, and Plaintiff's Motion for Summary Judgment (ECF No. 50) is DENIED.

IT IS FURTHER ORDERED that the Motion (ECF No. 61) is DENIED as moot.

IT IS FURTHER ORDERED that the Clerk shall enter judgment and close the case.

IT IS SO ORDERED.

Dated this 6th day of July, 2015.

_____
ROBERT C. JONES
United States District Judge